UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P80-H

JA-RON TEAGUE                                                                 PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY                              DEFENDANT

**MEMORANDUM OPINION**

On or about February 9, 2009, Plaintiff filed this action. He styled it as a "notice of removal pursuant to 28 U.S.C. 1443 and 42 U.S.C. 1997." He lists himself as a criminal defendant and as plaintiffs the Commonwealth of Kentucky and unknown judges. Although Plaintiff references a criminal action number, 08-F-1261, his claims appear to center around his conditions of confinement. Plaintiff complains that has been the victim of retaliation while incarcerated because of past lawsuits he has filed. He also alleges that the state is responsible for his incarceration. Plaintiff explains that while incarcerated on other charges in 1999, he was diagnosed as seriously mentally ill. While in prison, Plaintiff claims that he received appropriate mental health treatment. However, when he was released from incarceration in 2004, the treatment stopped. Plaintiff contends that this caused him to commit further criminal acts and to be arrested again. Again, Plaintiff was treated. However, he was discharged in 2006 without receiving follow-up mental health care. Plaintiff alleges that the pattern repeated itself with him being rearrested in 2008. Plaintiff blames state officials for his arrests in 2004, 2006, and 2008. Plaintiff contends that the state had a responsibility to ensure that he was receiving mental health treatment upon his release from prison. Plaintiff also explains in his "removal" how various state doctors and judges have mistreated him during his various incarcerations. He states that

these various individuals "knew or should have known that without his mental medications his life and countless other lives would be at stake in the city at large." Teague also speaks of excessive bail and the infliction of cruel and unusual punishment.

Plaintiff's designation of this action as a criminal removal is not dispositive of the issue. A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state

legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Plaintiff's petition makes only unsupported conclusory statements of racial inequality. Furthermore, Plaintiff has not asserted there is a formal expression of state law preventing him from enforcing his rights in state court. Rather, it is abundantly clear to this Court that Plaintiff is trying to mask an ordinary civil rights, conditions-of-confinement case as a criminal removal to avoid the three-strike rule under 28 U.S.C.§ 1915(g). The Court will not condone such behavior. Plaintiff has set forth no basis upon which to "remove" this action under 28 U.S.C. § 1443 and has disavowed his intent to pursue this case as a conditions-of-confinement case. Accordingly, by separate Order, the Court will dismiss this action for lack of subject matter jurisdiction.[1]

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4412.008

---

[1] The Court observes that on March 10, 2009, Plaintiff filed a notice of appeal in this case. The Court is somewhat perplexed what Plaintiff is appealing as the Court had not entered any Orders in this case prior to Plaintiff's notice of appeal. A notice of appeal usually causes the district court to lose jurisdiction. However, the district court does not lose jurisdiction if "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)). Because Plaintiff filed a notice of appeal in a case in which there were no orders to appeal, this Court may ignore the notice of appeal and proceed to adjudicate this matter. *See Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). To hold otherwise, would be to allow "a litigant to deprive the court of jurisdiction at any and every critical juncture merely by filing a notice of appeal from any non-appealable order entered in the district court." *Id.* (quoting *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir. 1972)).

3